Li v. Holder

BIA
Bain, IJ
A089 913 217

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of July, two thousand thirteen.

PRESENT:
>  DENNIS JACOBS,
>       *Chief Judge*,
>  JON O. NEWMAN,
>  DEBRA ANN LIVINGSTON,
>       *Circuit Judges*.

_____

ZHAO DI LI,
>  *Petitioner*,

>                                        12-962

>      v.                                NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
>  *Respondent*.

_____

FOR PETITIONER:          Yevgeny Samokhleb, New York, New York.

FOR RESPONDENT:          Stuart F. Delery, Acting Assistant Attorney General; Jennifer P. Levings, Senior Litigation Counsel;

**Carmel A. Morgan, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DISMISSED** as to petitioner's asylum claim, and **DENIED** as to petitioner's claims for withholding of removal and relief under the Convention Against Torture.

Petitioner, Zhao Di Li, a native and citizen of the People's Republic of China, seeks review of a February 14, 2012, decision of the BIA affirming the January 13, 2010, decision of Immigration Judge ("IJ") pretermitting her asylum application and denying her application for withholding of removal and relief under the Convention Against Torture ("CAT"). In re Zhao Di Li, No. A089 913 217 (B.I.A. Feb. 14, 2012), aff'g No. A089 913 217 (Immig. Ct. N.Y. City Jan. 13, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

To be eligible for asylum, an alien must show, by clear and convincing evidence, that the asylum application was filed "within 1 year after the date of the alien's arrival in the United States." 8 U.S.C. § 1158(a)(2)(B). Li filed her asylum application in September 2008, and she claims that she arrived in January 2008. But Li is unable to corroborate her arrival date because her passport and travel documents were allegedly confiscated by the snakehead that arranged her entry.

The IJ ruled: "If the respondent's testimony were believable, then her application would be deemed timely. However, the respondent has not provided sufficient corroborative information to establish that the application was timely filed." CAR59. The IJ emphasized that Li had no travel documents despite her "very elaborate and well planned trip from China," and found that the one witness she presented to corroborate her claim "was not a very credible witness." CAR59-60. Another witness, with whom Li

2

supposedly stayed upon arrival in the United States, was reasonably available to testify but refused to do so. CAR61-62. The IJ therefore concluded that Li had failed to corroborate her arrival date despite reasonably available evidence, and therefore pretermitted her asylum application. The BIA affirmed this determination. CAR4.

Li argues that the IJ erred in pretermitting her asylum application by failing to determine that the requested corroborating evidence--travel documents and additional witness testimony--was reasonably available. Under 8 U.S.C. § 1158(a)(3), "[n]o court shall have jurisdiction to review any determination of the Attorney General" as to the timeliness of an asylum application, including the determinations of the IJ and the BIA. Notwithstanding this provision, we retain jurisdiction to review "constitutional claims or questions of law" raised in a petition for review. 8 U.S.C. § 1252(a)(2)(D). To assess whether a question of fact or law is at issue, we are to "study the arguments asserted," and "determine, regardless of the rhetoric employed in the petition, whether it merely quarrels over the correctness of the factual findings." Xiao Ji Chen v. U.S. Dep't of Justice, 471 F.3d 315, 329 (2d Cir. 2006). "[W]hen analysis of the arguments raised by the petition for judicial review reveals that they do not in fact raise any reviewable issues, the petitioner cannot overcome this deficiency and secure review by using the rhetoric of a 'constitutional claim' or 'question of law' to disguise what is essentially a quarrel about fact-finding . . . ." Id. at 329-30.

Li disputes the IJ's credibility determinations, arguing that: [i] because her testimony "was consistent," her "testimony should be considered credible," Li Br. 10; [ii] her explanation for why she lacked documents corroborating her arrival date (i.e., because the documentation was confiscated by the smuggler) "was not an unreasonable explanation for why such evidence was reasonably unavailable to Petitioner," Li Br. 10; and [iii] "[t]he BIA and [IJ] further erred in not crediting the other evidence submitted by Petitioner in corroboration of her claim." Li Br. 11. These issues involving the IJ's credibility determinations and the IJ's findings as to Li's lack of corroborating evidence are questions of fact that we lack jurisdiction to review.

3

For the foregoing reasons, the petition for review is **DISMISSED** as to Li's asylum claim. Finding no merit in Li's arguments regarding withholding of removal and relief under the Convention Against Torture, the petition for review is **DENIED** as to those other arguments. As we have completed our review, any stay of removal that the Court previously granted in this petition is **VACATED**, and any pending motion for a stay of removal in this petition is **DISMISSED** as moot. Any pending request for oral argument in this petition is **DENIED** in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk